## 9623

### STONE v. COLUMBIA, N. & L. R. CO.

#### (91 S. E. 320.)

1. Appeal and Error—Review—Harmless Error.—In an action for death of a railroad servant, if it appears that there was no evidence of negligence on the part of defendant, the plaintiff cannot recover in any event, and no other error is prejudicial to plaintiff.

2. Master and Servant—Action for Injuries—Evidence.—Where a railroad servant was killed in the yard of another railroad after leaving the only track which .defendant was using and going under a car on another track to make an entry in his book, there was no negligence proven against defendant, and it was entitled to a directed verdict.

Before Bowman, J., Columbia, October, 1915. Affirmed.

Action by Roberta C. Stone, administratrix of the estate of Samuel B. Stone, deceased, against the Columbia, Newberry and Laurens Railroad Company. Judgment for defendant, and plaintiff appeals.

*Messrs. Frank G. Tompkins, J. M. Wise* and *W. Hampton Cobb,* for appellant, cite: *As to whether action against another bars this:* 96 S. C. 228; 89 S. C. 408. *Issues for*

*jury:* 101 S. C. 73; 103 S. C. 1; 89 S. C. 15.   *Nature of employment:* 229 U. S. 156 and 146.

*Messrs. Lyles & Lyles,* for respondent.   *Mr. J. B. S. Lyles* cites: *As to res judicata:* 92 S. C. 528; 89 S. C. 408; 102 S. C. 504.   *No evidence of negligence:* 96 S. C. 234, 236.   *Opinion evidence:* 59 S. C. 314; 117 Mass. 122. *Limitation:* 220 U. S. 580; 100 S. C. 375.   *Assumption of risks:* 102 S. C. 275; 233 U. S. 504; 122 U. S. 194.

February 10, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for damages for death by wrongful act, and is brought by the plaintiff as administratrix of her husband, Samuel Stone.   Samuel Stone was a car repairer, in the employ of the defendant.   Mr. Stone was working on a car on track No. 4, in the yard of the Atlantic Coast Line Railroad Company.   While Mr. Stone was at work on the car of the defendant, on track No. 4, he was directed by a representative of the Atlantic Coast Line Railroad Company, to take up his blue flag and come out from under the car as they were about to run a train in on No. 4.   Mr. Stone obeyed the order, and went under a car on track No. 5, it seems, to make an entry in his book.   The Coast Line engine came back on track No. 5 instead of No. 4, caught Mr. Stone under the car, and killed him.   The plaintiff brought action against the Coast Line for the death.   This Court held in that case, reported in 96 S. C. 228, 80 S. E. 433, that no recovery could be had against the Coast Line, inasmuch as the deceased did not comply with the blue-flag rule, and as a matter of law the defendant in that case was not responsible.   The plaintiff then brought this action against the defendant herein, the Columbia, Newberry and

Laurens Railroad Company. The case was tried before Judge I. W. Bowman, who directed a verdict for the defendant, and the plaintiff took this appeal on the following exceptions:

"1. Because his Honor erred in admitting in evidence the record of the case of Roberta C. Stone against the Atlantic Coast Line Railroad, whereas he should have held that said record was irrelevant, and did not constitute any defense to the cause of action alleged in the complaint, nor was it responsive to any of the allegations of the answer.

"2. Because his Honor erred in directing a verdict on the ground, 'Because the evidence does not permit a reasonable inference that there was any negligence on the part of the defendant within the allegations of the complaint having any proximate causal connection with the injuries and death of plaintiff's intestate,' whereas he should have held that there was testimony from which the jury could have concluded that the direct and proximate cause of the death of the deceased was the negligence of the defendant.

"3. Because his Honor erred in directing a verdict in favor of the defendant on the ground, 'Because the only reasonable inference to be drawn from the evidence is that the plaintiff's intestate was guilty of contributory negligence which operated as a proximate cause of his own injuries and death, without which they would not have occurred,' whereas he should have held that the testimony showed that there could have been reasonable inference drawn from the same other than that the intestate's contributory negligence operated as a proximate cause of his death.

"4. Because his Honor erred in directing a verdict in favor of the defendant on the ground that the judgment in the case of Roberta C. Stone against the Coast Line was a bar to this action, in that it was *res adjudicata,* whereas he should have held that same was not a bar to this action, and, therefore, was not *res adjudicata,* in that it did not adjudi-

cate the merits of the case between the same parties or their privies."

1. It is very manifest that if the second exception cannot be sustained, the other questions are academic, and need not be considered. If it appears that there is no evidence of negligence on the part of the defendant, then the plaintiff cannot recover in any event, and no other error is prejudicial.

The yard in which the deceased was working belonged to the Coast Line, and while the defendant had the right to use tracks No. 4 and No. 5, it was using only No. 4. Track No. 5 was in possession of and used by the Coast Line. The movement of the Coast Line train killed Mr. Stone. The plaintiff was confined under the case as disclosed to rely upon an unsafe place to work. Plaintiff undertook to show that the tracks were too close together for this kind of repair work. In this plaintiff failed. If plaintiff had shown that the tracks were too close it would not have appeared to be the proximate cause of the death, because the deceased went away from track No. 4 over to track No. 5 and sat down on a crosstie to make an entry on his book. A difference of a few feet could not have made any difference in Mr. Stone's position or in the result. Again, make track No. 4 as dangerous as you will the injury was not received in track No. 4; neither was it inflicted in going to or returning from track No. 4. The negligence, if any, was the negligence of the Coast Line and not of the defendant.

It appearing that there was no negligence proven against the defendant, it was entitled to a directed verdict in its favor. There being no negligence shown, the other questions do not arise.

The judgment is affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.